Carol A. McELRATH, Plaintiff,

v.

Jack KEMP, Secretary, Dept. of Housing and Urban Development, Defendant.

Civ. A. No. 88–3198.

United States District Court, District of Columbia.

Nov. 21, 1989.

On Motion to Reconsider Feb. 6, 1990.

**246**

Francis R. Ridley, Jr., Washington, D.C., for plaintiff.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

■ This Court heard testimony in the above captioned matter on March 20 and 21 of 1989 regarding plaintiff's motion for preliminary injunction. On March 22, 1989, this Court issued a preliminary injunction against the Department of Housing and Urban Development ("HUD") requiring the agency to reinstate the plaintiff on a leave-without-pay basis while she sought treatment for her alcohol problem. 714 F.Supp. 23. The terms of the preliminary injunction also required HUD to reinstate plaintiff in her former position once she demonstrated through medical testimony that she was fit for duty. On September 26, 1989, a hearing was held in which such medical testimony was offered. In fact, HUD's own physician testified that plaintiff was fit for duty. Accordingly, this Court found that plaintiff was fit for duty and ordered HUD to reinstate her. Presently, plaintiff continues to participate in an aftercare treatment program and based upon information received by this Court as of November 14, 1989, plaintiff is performing admirably in her position and she has not suffered a relapse.

Since there is no further relief that need be ordered except for a determination as to the appropriate amount of attorney's fees that are due plaintiff's counsel and in light of the prior record generated in this case, this Court finds that a final judgment can be entered in favor of plaintiff. The fee issue will be addressed in a separate hearing before this Court. Additionally, the Court is of the impression that neither the plaintiff nor the defendant is requesting that any further proceedings be held.[1] It appearing that there is no need to further amplify the record through the receipt of additional evidence, I am prepared to make permanent the preliminary injunction that was issued on March 22, 1989, and to set a hearing date to consider the matter of attorney's fees. This Court will retain jurisdiction over this case to provide such other and further relief that it deems to be appropriate.

## ON MOTION TO RECONSIDER

THIS MATTER is before the Court on defendant's Motion to Reconsider this Court's Memorandum Opinion and Order of November 21, 1989, and on plaintiff's Motion for Attorney's Fees and the defendant's opposition thereto. After reviewing the entire record and hearing the arguments of counsel on February 2, 1990, this Court is now prepared to rule on these motions.

■ In this Court's November 21, 1989 Memorandum Opinion, the background of this case is outlined. Plaintiff was discharged from her position at the Department of Housing and Urban Development ("HUD") for alleged unsatisfactory performance. Plaintiff suffers from a chronic alcohol problem and she was dismissed on November 4, 1988 from her position because of her alcohol addiction. On March 22, 1989, this Court found that under existing law HUD had an obligation to try to accommodate plaintiff's needs, which HUD failed to meet. Accordingly, this Court entered a Preliminary Injunction which re-

1. If the Court's impression is incorrect, it will allow either party to move the Court to reconsider the Order which accompanies this opinion. Anyone who wishes to be heard must express an objection within five days of the entry of said Order.

quired HUD to reinstate the plaintiff on a leave without pay basis.. The Preliminary Injunction also directed HUD to reinstate the plaintiff once it was demonstrated that she was fit for duty. Currently, plaintiff continues to participate in an aftercare treatment program and by the Government's own admission she is performing satisfactorily.

In light of the full record in this case, it is clear and this Court now finds that plaintiff was in fact discriminated against by HUD when she was discharged for reasons related to her alcohol problem. The evidence received by this Court demonstrates that plaintiff has prevailed on the merits. Plaintiff suffers from a condition that requires treatment; discharging her from her position only served to exacerbate her already existing problem. After her discharge, plaintiff became destitute and was forced to live the life of a street person. It was only through the efforts of plaintiff's counsel, Mr. Francis Ridley, that plaintiff was able to receive the necessary treatment for her condition. Mr. Ridley is to be commended for the outstanding work that he performed throughout this case.

Having concluded that plaintiff has prevailed on the merits, this Court has determined that defendant's Motion for Reconsideration should be denied. Additionally, plaintiff's counsel seeks reimbursement for his work at the modest hourly rate of $100. This Court believes that this rate is appropriate, particularly in view of the high quality of counsel's performance and the results he was able to achieve for his client. Therefore, counsel's motion for attorney's fees and costs is granted in its entirety.[1] This Court will retain jurisdiction over this case to provide such other and further relief that it deems to be appropriate.

---

1. During the February 2, 1990 hearing, this Court reviewed the various reimbursement claims made by plaintiff's counsel and ruled on each of them. These rulings are incorporated by reference in this memorandum opinion.